UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE MONTGOMERY,

        Petitioner,

                                                              Case Number 13-CV-13655

v.

                                                              HON. MARK A. GOLDSMITH

UNITED STATES,

        Respondent.
_____/

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Duane Montgomery is incarcerated at the Wayne County Jail. He awaits sentencing in Federal court for three counts of mail fraud, 18 U.S.C. § 1341. Petitioner has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Court finds that the claims are not properly raised under § 2241.

Petitioner was indicted on June 7, 2012 on four counts of mail fraud and two counts of wire fraud. United States v. Montgomery, No. 2:12-cr-20392. A jury convicted Petitioner of three counts of mail fraud. Jury Verdict Form (Dkt. 150). Petitioner filed a motion to vacate his sentence (Dkt. 153), which the district court denied without prejudice because Defendant had not yet been sentenced. 9/18/2013 Order (Dkt. 164). Sentencing is scheduled for November 8, 2013.

On August 12, 2013, Petitioner filed the pending petition for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that he should be released on bond because an arrest warrant was improperly issued without an indictment, his trial was unnecessarily delayed, violating his rights under the Speedy Trial Act, the Government's motion for issuance of subpoenas was not filed under seal, and the amended indictment was improperly presented to the jury.

Title 28 U.S.C. § 2255(a) provides the "primary avenue of relief for federal prisoners 'claiming the right of release' as a result of an unlawful sentence." Terrell v. United States, 564 F.3d 442, 447 (6th Cir. 2009). A federal prisoner may challenge the legality of his conviction through § 2241 only if an action under § 2255 is "inadequate or ineffective to challenge the legality of the detention." Id. (quoting Witham v. United States, 355 F.3d 501, 505 (6th Cir. 2004) and 28 U.S.C. § 2255(e)).

Here, Petitioner has not shown how an action under § 2255 would be inadequate or ineffective. The district court has not yet sentenced Petitioner, and Petitioner has not yet filed a direct appeal of his conviction. In identical circumstances, courts have summarily dismissed petitions under § 2241, noting that a not-yet-sentenced federal prisoner may vindicate his rights, after sentencing, through a direct appeal and a § 2255 petition. See United States v. Colburn, 345 F. App'x 764, 765 (3d Cir. 2009) (affirming dismissal of § 2241 petition as premature, when federal prisoner was awaiting sentencing). See also Alden v. Kellerman, 224 F. App'x 545, 547 (7th Cir. 2007) ("The writ of habeas corpus should not do service for an appeal and this rule must be strictly observed if orderly appellate procedure is to be maintained.") (internal quotation omitted).

Accordingly, the Court dismisses without prejudice Petitioner's petition for a writ of habeas corpus (Dkt. 1). The Court also denies leave to proceed in forma pauperis on appeal because an appeal cannot be taken in good faith. See Fed. R. App. P. 24(a).

SO ORDERED.


Dated: November 6, 2013          s/Mark A. Goldsmith
   Flint, Michigan                MARK A. GOLDSMITH
                                     United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 6, 2013.

                                              s/Deborah J. Goltz
                                              DEBORAH J. GOLTZ
                                              Case Manager